FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.:

2012 JAN -3 PM 3: 59

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

GLORIA J. ROBINSON, individually,

Plaintiff,

8 : 12· cv - 4 - T - 27MAP

v.

PFG OF MINNESOTA, INC.,
(doing business as "Pinnacle Financial Group")
a Minnesota Corporation,

Defendant.
_____/

## COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF FOR VIOLATIONS OF 47 U.S.C. § 227 *et seq.*, THE TELEPHONE CONSUMER PROTECTION ACT
### JURY DEMAND

1.     Plaintiff GLORIA J. ROBINSON alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Plaintiff alleges that Defendant PFG OF MINNESOTA, INC. (doing business as "Pinnacle Financial Group") incessantly and unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged debt belonging to someone other than Plaintiff. Without any prior express consent from Plaintiff, Defendant proceeded to unlawfully place telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. auto-dialer) and/or make calls to Plaintiff which contained a prerecorded message. In spite of Plaintiff's repeated pleas to cease any

further communications, Defendant continued to call and harass Plaintiff. Defendant's reckless actions constitute an intrusion upon the Plaintiff's right to privacy and generally caused Plaintiff distress. Consequently, Plaintiff brings the instant action under the TCPA seeking statutory damages, declaratory judgment, and injunctive relief for the more than one hundred (100) calls illegally placed to Plaintiff's cellular telephone.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. § 1332(a).   There is diversity of citizenship between the parties and more than $75,000 dollars in controversy, exclusive of interest and costs. Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls in this District.

## PARTIES

3.     Plaintiff, GLORIA J. ROBINSON ("Plaintiff"), is a natural person, and a citizen of the State of Florida, residing in Polk County, Florida.   Said Plaintiff is the account holder and exercises dominion over the cellular telephone, which Defendant was calling.

4.     Defendant, PFG OF MINNESOTA, INC. ("Defendant"), does business as "Pinnacle Financial Group" and is a Minnesota corporation, engaged in the debt collection industry, with its principal place of business and headquarters

2

both located in Minnesota; therefore, Defendant is a corporate citizen of the State of Minnesota.

5.     Defendant regularly engages in interstate commerce by using the mail and telephone in a business, which attempts to collect upon consumer debts using its extensive telephonic capabilities.

## FCC RULINGS AND OTHER LEGAL DECISIONS IMPACTING CLAIMS BROUGHT UNDER THE TELEPHONE CONSUMER PROTECTION ACT

6.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.  *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

7.     Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.  *FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

8.     The FCC has opined that the ability to dial numbers without any human intervention in the calling process is the hallmark of an automatic telephone dialing system (i.e. auto-dialer).   *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

9.     With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, at least one Federal Court has specifically noted that "a system need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the *capacity* to do it." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) (emphasis added).

10.     Furthermore, the FCC has specifically rules that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA.   *2003 TCPA Order*, 18 FCC Rcd 14092-14093 at ¶ 133.

11.     The Hobbs Act does not vest federal district courts with subject matter jurisdiction to disregard FCC rulings. *Leckler v. Cashcall, Inc.*, 2008 U.S. Dist. LEXIS 97439, *7-8 (N.D. Cal. 2008).

12.    The TCPA has a four year statute of limitations pursuant to 28 U.S.C. § 1658. *Stern v. Bluestone*, 2008 N.Y. App. Div. LEXIS (N.Y. App. Div. 1st Dep't, 2008).

## FACTUAL ALLEGATIONS

13.    The instant lawsuit stems from the telephonic collection efforts of Defendant over the past several years; in sum, Defendant called Plaintiff more than one hundred (100) times seeking to collect an alleged debt belonging to another individual.

14.    Defendant made calls to Plaintiff's cellular telephone, which were not dialed by human hands.

15.    That on some occasions, Plaintiff would wait to speak with an employee of Defendant but often no one was there to even pick up their own telephone call; Plaintiff would only hear a prerecorded message.

16.    That upon information and belief, Defendant has previously admitted in other litigation that it regularly uses an automatic telephone dialing system, often referred to as an "auto-dialer" or "predictive dialer."

17.    That upon information and belief, Defendant admits to using a dialer in its promotional materials.    (Source:    http://www.narsnet.com/Files/NARS-Pinnacle-Brochure.pdf)

18.    On those occasions where the call was transferred to a human operator, the operator would identify himself or herself as a representative from "Pinnacle Financial" and asked to speak with Plaintiff about someone else's debt.

19.    Plaintiff requested that Defendant's various representatives stop calling him on multiple occasions over the past three years.

20.    Plaintiff maintains that in spite of his numerous attempts to stop Defendant's constant barrage of telephone calls, Defendant persisted on calling Plaintiff's cellular telephone more than one hundred times over the three years – for someone else's debt.

21.    Plaintiff maintains that Defendant's attempt to collect the alleged debt, including but not limited to the large volume of telephone calls, was unlawful as Defendant did not have any prior express consent from Plaintiff to call her cellular telephone using an auto-dialer or make calls which contained a prerecorded message.

22.    That Defendant made telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system and made without the prior express consent of Plaintiff.

23.    That Defendant either willfully or knowingly violated the TCPA.

**COUNT I**
**VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT**

24.    Plaintiffs incorporate Paragraphs 1 through 23.

6

25.   Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system and/or contained a prerecorded message and not legally permitted under any provision to the aforementioned statute.

WHEREFORE, Plaintiff GLORIA J. ROBINSON requests that the Court enter judgment in favor of Plaintiff and against Defendant PFG OF MINNESOTA, INC. (doing business as "Pinnacle Financial Group") for:

    a.   $500 dollars in statutory damages for each violation of the TCPA over the last four years;

    b.   $1500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

    c.   A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

    d.   A declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA;

    e.   Attorney's fees, litigation expenses and costs of the instant suit; and

    f.   Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated this 19th day of December, 2011.


Respectfully submitted,

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Telephone:  954-589-0588
Facsimile:  954-337-0666
scott@scottdowens.com


By: *s/ Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651

8